**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alger Eduardo FRAGOSA–ALANIZ, Defendant–Appellant.**

**No. 06–40841**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 4, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Alger Eduardo Fragosa–Alaniz (Fragosa–Alaniz) appeals his conviction and sentence for illegal reentry. Fragosa–Alaniz's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Fragosa–Alaniz contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Fragosa–Alaniz properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The district court, however, erred in enhancing Fragosa–Alaniz's sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(C) by determining that his state conviction for simple possession of a controlled substance was an "aggravated felony." *See United States v. Estrada–Mendoza,* 475 F.3d 258, 261 (5th Cir.2007). We therefore vacate Fragosa–Alaniz's sentence and remand his case for resentencing. *See id.*

We grant Fragosa–Alaniz's unopposed motion to (1) withdraw his argument that the district court erred in assessing four criminal history points for two prior convictions, (2) affirm his conviction, and (3) vacate and remand his sentence.

MOTION GRANTED; AFFIRMED IN PART, VACATED IN PART AND REMANDED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.